UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
FRANK R. SHOOP, : CASE NO. 3:04-CV-7734
: JUDGE JAMES S. GWIN
        Petitioner, :
:
vs. : ORDER AND OPINION
: [Resolving Doc. Nos. 1, 12]
CHRISTINE MONEY, Warden, :
:
        Respondent. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 30, 2004, Frank S. Shoop filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1]. With his petition, Shoop challenges his Ohio conviction for felonious sexual penetration in violation of Ohio Revised Code § 2907.12(A)(1)(b). The Petitioner is currently serving a ten to twenty-year sentence at the Marion Correctional Institution. Respondent Christine Money opposes the petition. [Doc. No. 9].

On November 9, 2005 Magistrate George J. Limbert issued a report and recommendation recommending that the court deny Shoop's petition. Shoop filed objections to the report and recommendation. After conducting a *de novo* review of the report and recommendation, the Court adopts the Magistrate's recommendation. For the reasons discussed below, the Court dismisses Shoop's petition for habeas relief.

## I. BACKGROUND

*A. Indictment and Trial*

-1-

Case No. 04-CV-7734
Gwin, J.

On October 16, 1990, the Petitioner was indicted on one count of gross sexual imposition, a felony of the third degree, in violation of Ohio Revised Code § 2907.05(A)(4). On March 4, 1991, the prosecutor moved to dismiss the case and the Hancock County, Ohio Court of Common Pleas issued an order dismissing the indictment. Shortly thereafter, on March 19, 1991, the Grand Jury for Hancock County, Ohio issued a second one-count indictment against Petitioner Shoop, charging him with felonious sexual penetration in violation of Ohio Revised Code § 2907.12(A)(1)(b). Both indictments were based on factual allegations that the Petitioner inserted something into his two-year old step-daughter's vagina while bathing her.

After trial, a Hancock County Court of Common Pleas jury found Shoop guilty on February 8, 1992. Subsequently, on February 14, 1992, the petitioner filed a motion to set aside the verdict. With that motion, the Petitioner argued: (1) that the State failed to prove that the victim's vagina was penetrated; (2) that the court incorrectly instructed the jury as to the definition of what type of penetration constitutes a violation of Ohio Revised Code § 2907.12; and (3) that the court incorrectly instructed the jury as to the use of force. The court denied the motion and sentenced the petitioner to a term of to a term of ten to twenty-years imprisonment.

### *B. Direct Appeal*

On April 6, 1992, the Petitioner, through new counsel, filed a timely notice of appeal to the Ohio Court of Appeals for the Third Appellate District. With his appellate brief, the Petitioner raised the following five assignments of error:

> First Assignment of Error: The trial court erred in overruling appellant's timely motion for acquittal made pursuant to Crim. R. 29, and by failing to grant a judgment of acquittal on its own motion, thereby depriving him of due process of law as guaranteed by the federal and state constitutions.

Case No. 04-CV-7734
Gwin, J.

> Second Assignment of Error: The trial court's failure to grant appellant's motion for an independent psychological examination of the alleged victim deprived him of a fair trial and due process of law as guaranteed by the federal and state constitutions.
>
> Third Assignment of Error: The trial court's failure to grant appellant's motion to voir dire the two-year-old alleged victim in order to determine her competency prior to admitting her hearsay statements into evidence, denied him due process of law as guaranteed by the federal and state constitutions and his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
>
> Fourth Assignment of Error: The trial court erred in admitting the hearsay statement of the two-year-old alleged victim pursuant to Evidence Rule 803(2), the "excited utterance" exception to the hearsay rule, thereby depriving Appellant of his right of confrontation and due process of law as guaranteed by the federal and state constitutions.
>
> Fifth Assignment of Error: The trial court erred in instructing the jury on the issue of force where no such allegation was contained in the indictment, thereby depriving appellant of due process of law and the right to be charged by way of an indictment as guaranteed by the federal and state constitutions.

On February 24, 1993, the appellate court overruled Petitioner's five assignments of error and affirmed the judgment of the trial court.

On April 20, 1993, Petitioner filed a notice of appeal and a motion for leave to file a delayed direct appeal to the Ohio Supreme Court. The Ohio Supreme Court granted leave to file the delayed appeal. Subsequently, the Petitioner presented the following five propositions of law to the Ohio Supreme Court:

> Proposition of Law No. 1: When the state failed to prove an element of the charge of felonious sexual penetration, and the trial court overruled the defendant's timely motion for acquittal made pursuant to Crim.R.29, and failed to grant a judgment of acquittal on its own motion, defendant was denied his right to due process of law as guaranteed by the federal and state constitutions.
>
> Proposition of Law No. 2: Where the state is permitted to introduce the testimony of an expert who conducted a psychological exam of an alleged victim, and the trial court overrules the defendant's motion for an independent psychological examination

Case No. 04-CV-7734
Gwin, J.

> of the alleged victim, the defendant is deprived of a fair trial and due process of law as guaranteed by the federal and state constitutions.
>
> Proposition of Law No. 3: Where the trial court overruled the defendant's motion to voir dire the two-year-old alleged victim in order to determine her competency prior to admitting her hearsay statements into evidence, the defendant was denied due process of law as guaranteed by the federal and state constitutions, and his right of confrontation as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
>
> Proposition of Law No. 4: Where the alleged victim was calm and complacent for six hours after the supposed startling event, subsequent statements by her are not "excited utterances," and admitting the hearsay statements of the two-year-old alleged victim pursuant to Evidence Rule 803(2), the "excited utterance" exception to the hearsay rule, deprived the defendant of his right of confrontation and due process of law as guaranteed by the federal and state constitutions.
>
> Proposition of Law No. 5: Where no allegation of force is contained in an indictment for felonious sexual penetration, and no evidence of force is presented at trial, but the trial court instructs the jury on the issue of force over the objection of the defendant, the defendant is deprived of due process of law and the right to be charged by way of an indictment as guaranteed by the federal and state constitutions.

On October 20, 1993, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. On December 13, 1993, Petitioner filed a motion for reconsideration. The Ohio Supreme Court denied this motion on January 12, 1994.

*C. State Post-Conviction Relief Petitions*

On September 24, 1993, while the petitioner's delayed appeal was still pending, the Petitioner, acting *pro se*, filed a petition in the state trial court for post-conviction relief pursuant to Ohio Revised Code 2953.21. As grounds for relief, the Petitioner cited constitutional violations and argued that the case was against the manifest weight of the evidence. On October 14, 1993 the Ohio trial court denied the petition, finding that the relief sought would be improper because the Petitioner failed to allege any specific constitutional violations. Additionally, the court found that the

Case No. 04-CV-7734
Gwin, J.

Petitioner could have raised all of the issues pleaded in his post-conviction relief petition at trial or on appeal. Accordingly, the court held that the doctrine of *res judicata* barred the Petitioner's claims.

On December 16, 1993, the Petitioner filed a second petition for post-conviction relief. With this second petition for state post-conviction relief, the Petitioner relied on essentially the same basis for relief as he raised in the first petition. As a result, the trial court dismissed the petition, once again citing the doctrine of *res judicata*.

More than a decade elapsed without further action. Then, on April 8, 2004, the Petitioner, filed a motion for modification of sentence or in the alternative, a motion for termination of imprisonment. On April 12, 2004, the trial court denied this motion.

Taking another route, on April 26, 2004, the Petitioner filed a motion to dismiss his sentence based on speedy trial violations. On May 7, 2004, the trial court denied the motion as time-barred, citing the rule that a criminal defendant must raise an alleged violation of Ohio Revised Code 2945.71 by motion prior to or at the commencement of trial. The Petitioner appealed the denial of his motion to dismiss. On June 7, 2004, the Court of Appeals dismissed the appeal for lack of jurisdiction on the basis that the motion was a legal nullity. The Petitioner filed a motion for reconsideration, and on July 9, 2004, the Court of Appeals denied reconsideration.

On July 9, 2004, Petitioner filed notice of appeal with the Ohio Supreme Court. With this appeal, the Petitioner raised two propositions of law: (1) lack of speedy trial and (2) ineffective assistance of counsel. On October 31, 2004, the Ohio Supreme Court dismissed for lack of a substantial constitutional question.

*D. Federal Habeas Corpus Action*

Case No. 04-CV-7734
Gwin, J.

On November 30, 2004, the Petitioner filed the instant petition for writ of habeas corpus. The Petitioner raises the following two grounds for relief:

> 1. Ineffective Assistance of Counsel: Trial counsel should have noticed errors prior to the trial and filed a motion to have this case dismissed which he did not and did not raise it on appeal or inform Plaintiff of such matters.
>
> 2. Speedy Trial Right Violation: The Trial Court failed to timely conduct a trial within a reasonable amount of time as set forth within the Speedy Trial requirements. The Trial Court took almost twice the allowable amount of time under the Speedy Trial requirements in which to conduct a trial, which is violative of Petitioner's Speedy Trial Rights.

On November 9, 2005, Magistrate Judge George J. Limbert issued a report and recommendation recommending that this Court deny the Petitioner's motion for relief. The magistrate found that the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), bars Shoop's claims.

Shoop timely objected to the Magistrate Judge's report on several grounds.[1] First, Shoop says that the Court should not apply the AEDPA to the instant case because it was enacted after Shoop's conviction. Second, Shoop argues that the AEDPA limitations period should not bar his petition because he had no knowledge of the law prior to filing the petition. With his third and fourth objections, the Petitioner raises again his original grounds for relief, citing violations of his right to a speedy trial and his right to effective assistance of counsel. Finally, Shoop contends that he is entitled to an evidentiary hearing. The Court deals with each objection below.

## II. LEGAL STANDARD

On April 24, 1996, Congress passed the AEDPA and it became effective on that same day. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Because Petitioner Shoop filed his petition after the

---

[1] Because the Petitioner acts *pro se*, the Court construes his objections liberally.

Case No. 04-CV-7734
Gwin, J.

AEDPA's effective date, the AEDPA applies here. *Id.*

The AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d). *See also Miller v. Francis,* 269 F.3d 609, 614 (6th Cir. 2001).

A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process. *Floyd v. Ander,* 148 F. 3d 615, 619 (6th Cir.), *cert denied,* 526 U.S. 1025 (1998). It is the obligation of the Court to accept as valid a state court's interpretation of the statutes and rules of practice of that state. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Moreover, the factual findings of a state court are presumed to be correct. A federal court may only diverge from a state court's factual findings if the petitioner shows by clear an convincing evidence that the findings are erroneous. *See* 28 U.S.C. §225 (e)(1).

### III. DISCUSSION

The Petitioner seeks relief from his Ohio conviction on the basis that the trial court violated his right to a speedy trial and that his trial counsel was ineffective for failing to raise the issue prior to or during trial.[2/] The State contends that the Petitioner's motion is barred by the applicable statute

---

[2/] Though the Court does not reach the merits of Shoop's petition, the Court nonetheless notes that Shoop's speedy trial claim is not cognizable as a ground for habeas relief. "A claim based solely on an error of state law is not redressable through the federal habeas process." *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)). With his petition for relief, Shoop alleges a violation of his statutory right to a speedy trial under Ohio Revised Code 2945.71-.73 rather than alleging any violation of his constitutional right to a speedy trial. The Sixth Circuit previously held that the mere violation of Ohio's speedy trial statute is an insufficient ground for habeas relief, and that the Petitioner can only succeed through demonstrating that the delay amounted to a
(continued...)

-7-

Case No. 04-CV-7734
Gwin, J.

of limitations and that the Petitioner's claims are procedurally defaulted. For the reasons discussed below, the Court agrees. The procedural barriers in this case are significant and ultimately prove to be insurmountable.

### *A. Application of the AEDPA*

As a threshold matter, the Court first addresses the Petitioner's objection to the application of the AEDPA to this case. With this objection, the Petitioner claims that the AEDPA, as applied in this case, is impermissibly retroactive because he was convicted prior to the effective date of the AEDPA. In *Landgraf v. USI Film Products*, the United States Supreme Court established a two-part test to assess whether to apply "a federal statute enacted after the events in suit." 511 U.S. 244, 280 (1994). First, the court must "determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, there is no need to resort to judicial default rules." *Id.* Second, if "the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.*

The Sixth Circuit, "in line with other circuits, has held that the application of AEDPA to an application filed after AEDPA's effective date, but which involves a crime and a conviction predating AEDPA, does not have a 'retroactive effect.'" *Williams v. Bagley*, 380 F.3d 932, 943 (6th Cir. 2004) (citing *Lott v. Coyle*, 261 F.3d 594, 604 n. 3 (6th Cir. 2001)); *see also Lindh*, 521 U.S.

---

[2]/(...continued)
constitutional violation. *See id.* Accordingly, even if this Court were to reach the merits of Shoop's petition, it could only consider the alleged violation of Shoop's state statutory speedy trial right to the extent that it relates to Shoop's claim of ineffective assistance of counsel.

Case No. 04-CV-7734
Gwin, J.

at 324-26 (noting that the *Landgraf* default rule is not implicated where, as here, a habeas petition was filed after the effective date of AEDPA); *Caldwell v. Bell*, Nos. 99-6219, 99-6307, 2001 WL 549419, at *2 (6th Cir. May 17, 2001) ("Other than making the general assertion that his 'legal expectations and entitlements were abruptly altered on April 24, 1996' when the AEDPA was enacted, Appellant advances no reason why this case constitutes an exception to the general rule which requires the amendments to apply to petitions filed after April 24, 1996."). The Petitioner offers no reason why this Court should hold differently. Accordingly, the Court finds that the AEDPA applies to Shoop's petition for habeas relief. *See Williams*, 380 F.3d at 943 (holding that the AEDPA was not impermissibly retroactive where the petitioner failed to "identify any new legal consequences that, had he known of them in advance, might have in any way affected his conduct before filing his habeas petition, and [failed] to show that he had acquired any vested rights in pre-AEDPA standards of review.") (internal quotations omitted).

*B. Statute of Limitations*

Having found that the AEDPA applies to Shoop's petition, the Court now turns to the AEDPA's statute of limitations. Among other things, the AEDPA amended 28 U.S.C. § 2244 to include a new one-year limitations period for prisoners filing a habeas corpus petition in the federal courts under 28 U.S.C. § 2254. Under the limitations period provision, a petitioner must file a habeas petition within one year of the later of the following four events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

Case No. 04-CV-7734
Gwin, J.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Both parties agree that §§ 2244(d)(1)(B) or (C) are not applicable to Shoop's petition. Citing § 2244(d)(1)(D), the Petitioner argues that the limitations period did not begin to run until in or around 2004, when he discovered the alleged violation of his right to a speedy trial. The Petitioner says that he was unaware of this claim due to the ineffective assistance of counsel. However, under § 2244(d)(1)(D), the relevant date is not when Shoop actually realized that a may have a claim, but rather the date upon which Shoop could have discovered that claim through the exercise of due diligence. *See Kindred v. Birkett*, No. 05-CV-71553-DT, 2006 WL 1662547, at *3 (E.D. Mich. June 8, 2006) (unpublished opinion) ("The time commences when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner.").

Moreover, Shoop has the burden of demonstrating that he exercised due diligence, but was nonetheless unable to discover the factual predicate of his claim. *Stokes v. Leonard*, No. 00-3797, 2002 WL 531139, at *3 (6th Cir. April 4, 2002) (unpublished opinion). Shoop fails to meet this burden. With his petition, Shoop claims that the trial court violated his right to a speedy trial and that trial counsel was ineffective for failing to raise the issue at trial. The factual predicate of both claims involves the time line of Shoop's incarceration and ultimate conviction. Scoop was present and aware of these dates prior to and at trial. He offers no explanation of why of how he would be

Case No. 04-CV-7734
Gwin, J.

unaware of this factual information at that time, roughly eleven to twelve years prior to the date he filed he instant petition.

Instead, Scoop merely argues that he did not realize the legal basis for a potential speedy trial claim until later. However, Shoop's ignorance of the law is irrelevant to the Court's inquiry under § 2244(d)(1)(D). *See Ambrose v. Lafler*, No. 05-CV-70924-DT, 2005 WL 3071890, at *3 (E.D. Mich. Nov. 14, 2005) ("Moreover, the limitations period begins to run under § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, *not when the petitioner recognizes the facts' legal significance*."(emphasis added)). Even if it were relevant, Scoop fails to explain the eleven to twelve-year delay in discovering that he may have a claim. Nor does he demonstrate that he would not have been able to discover the possibility of such claim earlier had he exercised due diligence.

Therefore, in the instant case, the latter of the four triggering events to occur was the date upon which the trial court's judgment became final. A judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). However, where a petitioner's conviction becomes final before the effective date of the AEDPA, the limitations period does not begin to run until the effective date of the AEDPA. The petitioner then has one year from the effective date, or until April 24, 1997, within which to file a petition for writ of habeas corpus. *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000). Shoop's conviction became final upon the conclusion of direct review in 1993, well before the effective date of the AEDPA. Therefore, the statute of limitations on Shoop's habeas petition began to run on April 24, 1996.

Once the limitations period begins to run, it cannot be reset. However, 28 U.S.C.

Case No. 04-CV-7734
Gwin, J.

§ 2244(d)(2) provides that the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Sixth Circuit holds that the "tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Thus, had Scoop filed an application for state post-conviction relief addressing his right to a speedy trial prior to April 24, 1997, this application would have tolled the statute of limitations on any habeas petition. However, Scoop did not file any such application until April 26, 2004, nearly seven years after the limitations period on his habeas petition expired. As described above, such a petition does not revive the limitations period. Accordingly, the Court finds that the AEDPA's statutory tolling provision does not apply to Shoop's petition.

This brings the Court to Shoop's second objection to the Magistrate Judge's report and recommendation. With this objection, Scoop argues that the AEDPA's statute of limitations should not apply to his petition because he was unaware of the filing deadline. This is essentially an argument for equitable tolling. Federal courts apply equitable tolling sparingly. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000). In determining whether equitable tolling is appropriate, the Court considers the following factors: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice

Case No. 04-CV-7734
Gwin, J.

to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The petitioner carries the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir.2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560.

Scoop claims that the Court should toll the statute of limitations in this case because he filed his petition *pro se* and lacked knowledge of the AEDPA's limitations period. The Court, however, finds that this is an insufficient basis to apply equitable tolling in this case. First, the Court finds no reason why it should not imply constructive knowledge. Second, the Petitioner simultaneously argues that he was unaware of the alleged violation of his speedy trial rights until sometime in or around 2004. Accordingly, even if the Petitioner was well-versed in the AEDPA's provisions, he would not have filed the instant petition any earlier than he did. Thus, the remaining issue is whether the Petitioner diligently pursued his rights. As described above, the Court finds that the petitioner did not act with reasonable diligence in pursuing his claims. The petitioner should have been aware of the status and timeline of his case at trial and thus. He offers no explanation for why he did discover a possible speedy trial violation until nearly twelve years after his trial. Accordingly, the Court finds no basis to toll the limitations period on Petitioner's application for relief.

### C. Procedural Default

Alternatively, the Court finds that Shoop's Petition is also procedurally defaulted. Prior to raising any claims for relief in a federal habeas corpus petition, a state prisoner must first exhaust

Case No. 04-CV-7734
Gwin, J.

his available state court remedies. This requirement ensures that the state courts have an opportunity to "remedy any constitutional infirmities" in the prisoner's conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990) (citations omitted).

Similarly, a federal habeas court may not hear issues that the petitioner could have raised in the state court but failed to do so due to procedural default. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). In deciding whether the petitioner procedurally defaulted a claim, the Court applies four criteria: (1) whether there is a state procedural rule that is applicable to the petitioner's claim; (2) whether the petitioner failed to comply with that rule; (3) whether the procedural rule was actually enforced in the petitioner's case; and (4) whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Applying the *Maupin* test to the instant case, the Court finds that both of Shoop's asserted grounds for habeas relief are procedurally defaulted. Under Ohio law, Shoop had a duty to raise these issues at the first available opportunity. *See Rust*, 17 F.3d at 160-61. The Ohio Supreme Court has held "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104, 108 (1967); *see also Rust*, 17 F.3d at160; *State v. Roberts*, 1 Ohio St.3d 36, 39, 437 N.E.2d 598, 601 (1982).

-14-

Case No. 04-CV-7734
Gwin, J.

Shoop had the opportunity to raise both the speedy trial and ineffective assistance of trial counsel claims on direct appeal, but failed to do so, despite having new counsel on appeal. Accordingly, when Shoop's conviction became final upon the conclusion of his direct appeal, that conviction became *res judicata* as to Shoop's speedy trial and ineffective assistance claims. More than ten years later, the Petitioner later asserted these claims in a belated motion to dismiss. The state court denied this motion and the appellate court affirmed the denial, stating that "there is no legal provision permitting a collateral challenge, at this point in time, to the final order of conviction and sentence based on a 'speedy trial violation.'" *Ohio v. Shoop*, No. 5-04-24 (Ohio App. 3rd. Dist. June 7, 2004).

There are only two methods by which the Petitioner can overcome the procedural default of his habeas claims. First, the Court will excuse procedural default if the Petitioner demonstrates good cause for the default and prejudice resulting therefrom. *See Wainwright*, 433 U.S. at 87. The prejudice must have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 172 (1982). The Petitioner omits any direct discussion of this issue in both his petition and his response to the government's return of writ. However, construing Shoop's *pro se* petition liberally, the Court finds that Shoop does suggest ineffective assistance of appellate counsel as a basis to excuse his failure to raise the speedy trial and ineffective assistance of trial counsel issues on appeal.

For Shoop's ineffective assistance of appellate counsel claim to serve as cause to overcome the procedural default of his other claims, the claim itself must not be procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

Case No. 04-CV-7734
Gwin, J.

Thus the Court first addresses whether Shoop properly preserved his ineffective assistance of appellate counsel claim for federal habeas review.

Typically, a petitioner must present a claim of ineffective assistance of appellate counsel to the state courts as an independent claim prior to using it to establish cause for a procedural default. *Carpenter*, 529 U.S. at 453 (citing *Murray v. Carrier*, 477 U.S. 478, 489 (1986)). In Ohio, to present a claim of ineffective assistance of appellate counsel, a petitioner must first raise the claim in a motion for reconsideration before the Ohio Court of Appeals or on direct appeal to the Ohio Supreme Court, rather than in a petition for postconviction relief. *See* Ohio R. App. P. 26(B) (1993);[3] *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001); *State v. Murnahan*, 63 Ohio St. 3d 60, 65–66, 584 N.E.2d 1204, 1208–09 (1992).

In this case, Shoop failed to raise this claim at all in the state courts. He made no mention of it in his direct appeal to the Supreme Court and filed no motion to reopen his appeal pursuant to Ohio R. App. P. 26(B). The limitations period for him to file such a motion has long since passed. Shoop's failure to properly to raise his ineffective assistance of appellate counsel claim in state court procedurally bars it from consideration on federal habeas review. *See Carpenter*, 529 U.S. at 451; *Coleman*, 244 F.3d at 539. Moreover, Shoop demonstrates no basis to excuse this default. Accordingly, Shoop cannot rely on his ineffective assistance of appellate counsel claim to excuse the procedural default of his habeas claims. *See Coleman*, 244 F.3d at 540.

The second and sole remaining avenue by which Shoop can circumvent the procedural

---

[3] Under amended Rule 26(B) of the Ohio Rules of Appellate Procedure, "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless applicant shows good cause for filing at a later time." Ohio R. App. P. 26(B)(1).

Case No. 04-CV-7734
Gwin, J.

default of his claims would be to demonstrate that he is actually innocent. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Though Shoop suggests that he is innocent, he offers no evidence to support this allegation. Accordingly, the Court finds no basis to excuse the procedural default of Shoop's habeas claims.

Because this Court holds that Shoop's petition for writ of habeas corpus is both time-barred and procedurally defaulted, the Court declines to address the remaining objections, all of which go to the merits of the Petitioner's claims.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's report and recommendation and **DISMISSES** Shoop's petition for a writ of habeas corpus with prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.


Dated: July 14, 2006                           s/  *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE